THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JONATHAN O. HAFEN, in his capacity as Court-appointed Receiver,<br><br>Plaintiff,<br><br>v.<br><br>BEN WADE, an individual; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:19-cv-00916-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

District Judge Tena Campbell referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is a motion to substitute the proper party for Defendant Mary Wade ("Ms. Wade") due to her death filed by Plaintiff Jonathan O. Hafen, in his capacity as Court-appointed Receiver ("Receiver").[2] For the reasons explained below, the court denies the Receiver's motion without prejudice.

### BACKGROUND

The Receiver initiated this action on November 15, 2019.[3] On June 16, 2022, the attorney representing Ms. Wade prior to her death, who also represents other named Defendants in this action, filed a suggestion of death indicating that Ms. Wade died on May 11, 2022.[4] The

---

[1] ECF No. 29.

[2] ECF No. 41.

[3] ECF No. 2.

[4] ECF No. 38.

certificate of service for the suggestion of death indicates that it was served on only the Receiver.[5]

On September 9, 2022, the Receiver filed the motion currently before the court seeking to substitute the proper party for Ms. Wade in this action.[6] The certificate of service for the Receiver's motion indicates that it was served on only the attorney representing Ms. Wade prior to her death.[7] In his motion, the Receiver asserts that he has conducted a search to determine if Ms. Wade's estate has been probated or a personal representative has been appointed for Ms. Wade's estate. The Receiver contends that no such filing or appointment has been made. Accordingly, the Receiver seeks a court order: (1) substituting Ms. Wade's personal representative, if one has been appointed, as the proper party in this action; or (2) appointing a personal representative for Ms. Wade's estate and substituting that person as the proper party in this action.

## ANALYSIS

For the following reasons, the court denies both of the Receiver's requests for relief. First, the Receiver's motion to substitute was not properly served under Fed. R. Civ. P. 25(a)(3), which requires denial of the Receiver's first request for relief. Second, this court cannot appoint a personal representative for Ms. Wade's estate. After discussing each of the Receiver's requests for relief in turn below, the court denies the Receiver's motion without prejudice.

---

[5] *Id*. at 2.
[6] ECF No. 41.
[7] *Id*. at 3.

    **I.    The Receiver's Motion to Substitute Was Not Properly Served Under Rule 25(a)(3).**

The Receiver's motion to substitute does not comply with Rule 25. Rule 25(a) governs substitution of parties due to death. Rule 25(a)(1) provides that "[a] motion for substitution may be made by any party or by the decedent's successor or representative." A motion to substitute must be served on all parties under Fed. R. Civ. P. 5 and on all nonparties under Fed. R. Civ. P. 4.[8] With respect to service on nonparties, a motion to substitute must be served on the successors or representatives of the deceased party's estate under Rule 4.[9]

The Receiver's motion to substitute indicates that it was served on only the attorney representing Ms. Wade prior to her death.[10] Neither the substance of the motion nor its certificate of service show any service upon relevant nonparties—specifically, the successors or representatives of Ms. Wade's estate—under Rule 4. Therefore, the court denies the Receiver's request to substitute Ms. Wade's personal representative as the proper party in this action.[11]

---

[8] Fed. R. Civ. P. 25(a)(3).

[9] *Premier Sleep Sols., LLC v. Sound Sleep Med., LLC*, No. 2:20-CV-62-JNP-JCB, 2020 WL 6801919, at *1 (D. Utah Nov. 19, 2020) ("It is well-settled in the Tenth Circuit that notice of a Rule 25 motion to substitute must be served on 'the successors or representatives of the deceased parties' estate' pursuant to Rule 4, not on the deceased's former or current counsel." (quoting *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990))).

[10] ECF No. 41 at 3.

[11] *Red Lion Renewables, LLC v. Haff*, No. 5-19-CV-01113-DAE, 2020 WL 13199006, at *1 (W.D. Tex. Dec. 7, 2020) (denying the plaintiff's motion for substitution without prejudice for failure to comply with Rule 25(a)(3) because the plaintiff conceded that it hadn't properly served the defendant's heirs under Rule 4); *Falls v. Campbell*, No. 17CV35 (LMS), 2020 WL 4925903, at *1 (S.D.N.Y. Aug. 21, 2020) (denying Rule 25 motion for substitution without prejudice as "procedurally deficient" because it was not served on the representative of the deceased party's estate under Rule 4); *Grant v. Witherspoon*, No. 19-CV-2460 (PGG) (BCM), 2020 WL 71052, at *3 (S.D.N.Y. Jan. 3, 2020) ("Because plaintiff failed to serve his motion to substitute on the nonparties he wishes to substitute in for [the deceased party], as required by Fed. R. Civ. P. 25(a)(3), his motion must be denied without prejudice.").

Although the court denies the Receiver's first request for relief, that denial is without prejudice because the time limitation for filing a motion to substitute under Rule 25(a)(1) was never triggered in this case. Rule 25(a)(1) allows for the service of a suggestion of death when a party to an action dies.[12] As with a motion to substitute, a suggestion of death must be served on all parties under Rule 5 and on all nonparties under Rule 4,[13] and service on nonparties includes service on the successors or representatives of the deceased party's estate in accordance with Rule 4.[14] If a suggestion of death is properly served, a 90-day limitation period for a motion to substitute begins to run under Rule 25(a)(1).[15]

---

[12] Fed. R. Civ. P. 25(a)(1) (providing for "service of a statement noting the death" of a deceased party).

[13] Fed. R. Civ. P. 25(a)(3).

[14] *Grandbouche*, 913 F.2d at 837 (providing that service of a suggestion of death on nonparties includes service on "the successors or representatives of the deceased party's estate . . . pursuant to Fed. R. Civ. P. 4"); *Hamilton v. Kemper*, No. 17-CV-00882-MSK-STV, 2018 WL 1616808, at *2 (D. Colo. Apr. 4, 2018) ("Numerous District Courts in the 10th Circuit . . . have construed *Grandbouche* to require the party suggesting death to serve that suggestion on the decedent's successors or representatives." (citing cases)); *Fehrenbacher v. Quackenbush*, 759 F. Supp. 1516, 1518 (D. Kan. 1991) ("Rule 25 has not been satisfied as the suggestion of death has not been served in compliance with Fed. R. Civ. P. 4 on [the deceased defendant]'s representatives." (citing *Grandebouche*, 913 F.2d at 837)).

[15] Fed. R. Civ. P. 25(a)(1) ("If [a motion to substitute] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."); *Grandbouche*, 913 F.2d at 836-37 (stating that "[t]he running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death" and that the suggestion of death must be served in accordance with the requirements of Rule 25); *Johnson v. Thomas*, No. 12-CV-00760-MSK-CBS, 2013 WL 4461747, at *1 (D. Colo. Aug. 20, 2013) ("Because proper service was not made, the 90-day limitation period [under Rule 25(a)(1)] did not begin to run against [the plaintiff]."); *Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 601 (D. Kan. 2000) ("The 90[-]day limitation period of Rule 25(a)(1) is measured from the time the suggestion of the death has been served upon the parties to the action and other interested persons . . . ."); *Fehrenbacher*, 759 F. Supp. at 1519 (providing that the 90-day limitation period in Rule 25(a)(1)

The suggestion of death in this case[16] indicates that it was served on only the Receiver.[17] The Receiver does not represent the nonparties (i.e., successors or representatives of Ms. Wade's estate). Because the suggestion of death was not served on the successors or representatives of Ms. Wade's estate under Rule 4, the 90-day limitation for a motion to substitute was never triggered. Thus, the court denies the Receiver's motion without prejudice with permission to refile. The court notes that the Receiver may renew his motion to substitute even if a suggestion of death is not properly served.[18] However, if a suggestion of death is properly served, the Receiver would obviously be subject to the 90-day limitation for a motion to substitute under

---

"is measured from the time the suggestion of the death has been served upon the parties to the action and other interested persons" (quotations and citation omitted)).

[16] The suggestion of death filed by the attorney representing Ms. Wade prior to her death does not specifically indicate on behalf of which Defendant it was filed. If filed on Ms. Wade's behalf, it would have no effect because the attorney-client relationship between that attorney and Ms. Wade terminated upon Ms. Wade's death. 7C Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1955 (3d ed.) ("[T]he attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in [Rule 25]." (footnote omitted)); see also Kasting, 196 F.R.D. at 598 (same); Fehrenbacher, 759 F. Supp. at 1518 (same). However, because that attorney represents other named Defendants in this action, it appears that he could make the suggestion of death. Hamilton, 2018 WL 1616808, at *2 (noting that Rule 25(a) allows for a suggestion of death but "does not specify who must (or may) make" the suggestion of death).

[17] ECF No. 38 at 2.

[18] Fed. R. Civ. P. 25 advisory committee's note to 1963 amendment ("A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death."); see also 7C Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1956 (3d ed.) ("A motion for substitution for a deceased party may be made by any party or by the successors or representatives of the deceased party. It is not necessary that a notation of the fact of death be made on the record before a motion for substitution can be made." (footnotes omitted)).

Rule 25(a)(1). Either way, for the court to consider the merits of a renewed motion, it must comply with the requirements of Rule 25(a).[19]

## II. This Court Cannot Appoint a Personal Representative for Ms. Wade's Estate.

The court denies the Receiver's request to appoint a personal representative for Ms. Wade's estate and substitute that person as the proper party in this action because the appointment of a personal representative falls within the "probate exception" to federal jurisdiction.

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from disposing of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.[20]

---

[19] As a final matter on this issue, the court acknowledges the Receiver's assertions that a personal representative has not been appointed for Ms. Wade's estate. Although that places the Receiver in a difficult position, it does not obviate the requirement that the motion to substitute be served on Ms. Wade's successors or representatives of her estate. *Cf. Hamilton*, 2018 WL 1616808, at *2 (addressing the propriety of service of a suggestion of death and stating that the "majority rule among the Circuits" is "that the suggestion of death must be served on the decedent's estate or personal representative, even if that representative has not yet been identified or appointed").

[20] *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006); *see also Markham v. Allen*, 326 U.S. 490, 494 (1946) ("[A] federal court has no jurisdiction to probate a will or administer an estate . . . ."); *McKibben v. Chubb*, 840 F.2d 1525, 1529 (10th Cir. 1988) ("Federal courts have only limited power in probate matters and may not probate or administer a will. However, they may entertain actions against administrators, executors, or other claimants in which plaintiffs seek to establish claims against an estate." (quotations and citations omitted)); *Caesar v. Burgess*, 103 F.2d 503, 506 (10th Cir. 1939) ("It is well settled that a proceeding purely for the establishment and probate of a will, and matters of strict probate relating to the administration of estates of decedents are not within the general equity jurisdiction of the courts of the United States.").

The Receiver's request to appoint a personal representative for Ms. Wade's estate falls squarely within the probate exception to federal jurisdiction because it asks this court to administer Ms. Wade's estate.[21] Therefore, the court denies the Receiver's request.

## ORDER

Based upon the foregoing analysis, the Receiver's motion to substitute the proper party for Ms. Wade due to her death[22] is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 17th day of November 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[21] *See, e.g.*, *Hassanati ex rel. Said v. Int'l Lease Fin. Corp.*, 643 F. App'x 620, 622 (9th Cir. 2016) ("The district court correctly determined that appointment of a personal representative falls within the probate exception because it, essentially, seeks that a court issue letters of administration."); *Iron v. Neske*, No. 4:21-CV-293-RWS, 2021 WL 2413358, at *1 (E.D. Mo. June 14, 2021) ("Appointing a personal representative is the within the purview of the probate system and falls within the probate exception."); *Simmers v. King Cnty.*, No. 2:21-cv-00100-RAJ-JRC, 2021 WL 1907820, at *2 (W.D. Wash. May 12, 2021) (concluding that the appointment of a personal representative falls squarely within the probate exception because "[a]ppointing a personal representative is clearly administration of the estate"); *Jones v. Harper*, 55 F. Supp. 2d 530, 533 (S.D.W. Va. 1999) ("The removal and appointment of a personal representative clearly would interfere with the administration of the estate.").

[22] ECF No. 41.