IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JONATHAN O. HAFEN, in his capacity as court-appointed Receiver,<br><br>Plaintiff,<br><br>v.<br><br>BEN WADE, BRAD WADE, JENNY WEILACHER, and SARA LEONARD, in their capacity as the personal representatives of the ESTATE OF MARY WADE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 2:19-cv-00916-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Before the court is a motion for default judgment (ECF No. 106) filed by Plaintiff Jonathan O. Hafen, the court-appointed Receiver over the assets of Rust Rare Coin, Inc., Gaylen Dean Rust, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, the Receivership Defendants). This action is ancillary to litigation involving the Receivership Defendants. See Commodity Futures Trading Comm'n v. Rust Rare Coin, No. 2:18-cv-892. The Receiver seeks default judgment against the Estate of Mary Wade, the remaining defendant in this action, as the personal representatives of that estate (Ben Wade, Brad Wade, Jenny Weilacher, and Sara Leonard) have failed to appear.

On November 15, 2019, the Receiver filed this action against Mary Wade and other defendants. (See Compl., ECF No. 2.) Ms. Wade passed away on May 11, 2022, and Benjamin Wade, Brad Wade, Jenny Weilacher, and Sara Leonard were appointed as the personal

1

representatives of the Estate of Mary Wade. (See Mot. Substitute Party, ECF No. 87.) The court substituted those personal representatives as defendants in this action. (Order, Nov. 27, 2024, ECF No. 88.) But none of those personal representatives filed an answer. The Receiver moved for entry of default against them on May 19, 2025 (ECF No. 102), and the Clerk of Court entered default certificates on May 21, 2025. (ECF No. 105.)

The Receiver now requests entry of judgment against the Estate of Mary Wade in the total amount of $731,778.77. This amount includes $515,486.35 in fraudulent and voidable transfers and $216,292.42 in prejudgment interest calculated at the rate of 5% per annum from December 31, 2016, the date that the last transfer was made to Mary Wade.

For the following reasons, the court grants the Receiver's motion.

## LEGAL STANDARD

Entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process. See Meyers v. Pfizer, Inc., 581 F. App'x 708, 710 (10th Cir. 2014). If a defendant fails to timely respond to the complaint after proper service, a plaintiff may request entry of a default by the court clerk, who then decides whether to enter a default. Id. (citing Fed. R. Civ. P. 55(a)). "If the clerk enters a default, the plaintiff can ask the court to grant a default judgment." Id. (citing Fed. R. Civ. P. 55(b)(2)).

A trial court has broad discretion in deciding whether to enter a default judgment. Galloway v. Hadl, No. 07-3016-KHV, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)). Furthermore, a plaintiff must establish that the amount of requested damages is reasonable under the circumstances. DeMarsh v. Tornado Innovations, L.P., No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009). "Damages may be awarded only if the record adequately reflects the basis for [the] award

2

via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" Id. (quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)).

## ANALYSIS

The Receiver supports his motion with his own declaration. (Decl. Jonathan O. Hafen, Ex. A to Receiver's Mot. Default J., ECF No. 106-1.) The court has carefully reviewed the Receiver's declaration and supporting exhibits and agrees with his conclusions.

Documents from the KW Service Company Pension Plan, which invested in Rust Rare Coin on behalf of Mary Wade, demonstrate that Ms. Wade received distributions from Rust Rare Coin of $515,486.35 in excess of her contributions. (See id. ¶ 5 & Ex. 1.) The Receiver may appropriately recover this amount as a fraudulent transfer.

Furthermore, the court agrees with the Receiver that prejudgment interest from the date the investment payment was made—December 31, 2016—is appropriate here. This court has consistently awarded prejudgment interest in other ancillary cases. See, e.g., Hafen v. Walker, No. 2:19-cv-918, 2025 WL 18702, at *3 (D. Utah Jan. 2, 2025). The Tenth Circuit has previously upheld the award of prejudgment interest at a rate of 5% per annum to a receiver for a fraudulent transfer claim because prejudgment interest "compensates for the loss of use of the money" and "[u]nder fairness and equity principles, prejudgment interest was proper." Wing v. Gillis, 525 F. App'x 795, 801 (10th Cir. 2013); see also Miller v. Kelley, No. 1:12-cv-56, 2014 WL 5437023, at *7 (D. Utah Oct. 27, 2014). Moreover, the Tenth Circuit has recently upheld this court's similar award of prejudgment interest at a 5% interest rate in another action ancillary to the Rust Rare Coin litigation. Hafen v. Howell, 121 F.4th 1191, 1205 (10th Cir. 2024).

The court therefore awards the receiver prejudgment interest at the rate of 5% per annum

from December 31, 2016, the last day Rust Rare Coin made a payment to Mary Wade. The amount of prejudgment interest totals $216,292.42. Post-judgment interest is also recoverable under 28 U.S.C. § 1961(a).

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The Receiver's Motion for Default Judgment (ECF No. 106) is GRANTED.

2. The court awards the Receiver $731,778.77, an amount that represents $515,486.35 in fraudulent and voidable transfers and $216,292.42 in prejudgment interest, against the Estate of Mary Wade, which is represented by Ben Wade, Brad Wade, Jenny Weilacher, and Sara Leonard.

3. The court's judgment shall bear interest calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. See 28 U.S.C. § 1961(a).

5. Because the court now enters judgment against the remaining defendants in this action, the court directs the Clerk of Court to close the case.

DATED this 10th day of June, 2025.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge